

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00304-CR
### No. 10-13-00305-CR

**MARK ANTHONY ROBINSON,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the County Court at Law No. 2
### McLennan County, Texas
### Trial Court Nos. 20121594CR2 and 20121596CR2

## MEMORANDUM OPINION

In these two cases, which were tried together in a bench trial with Appellant Mark Anthony Robinson representing himself, Robinson was convicted of the misdemeanor offenses of possession of marihuana in the amount of two ounces or less and possession of a controlled substance (hydrocodone) in an amount of less than 28 grams. The trial court found Robinson guilty and assessed jail sentences of 180 days and 365 days, respectively, with the sentences to be served concurrently and with credit for time served.

Robinson's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in each case, asserting that he has diligently reviewed the appellate records and that, in his opinion, the appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Robinson did not file pro se responses to the *Anders* briefs. The State did not file a brief in either case.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

**No. 10-13-00304-CR (Trial Court No. 20121594CR)**

We have conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment. We grant appointed counsel's motion to withdraw from representation of Robinson in this appeal. Notwithstanding this grant, appointed counsel **must** send Robinson a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).

**No. 10-13-00305-CR (Trial Court No. 20121596CR)**

Despite concluding that these appeals are frivolous, Robinson's appointed counsel notes the following error in the judgment in No. 10-13-00305-CR (Trial Court No. 20121596CR): The written judgment incorrectly states a sentence of 180 days in jail, yet the trial court orally pronounced a sentence of 365 days in jail.

In *Ferguson v. State*, No. 10-13-00173-CR, ___ S.W.3d ___, 2014 WL 895196 (Tex. App.—Waco Mar. 6, 2014, no pet. h.), appellant's counsel filed an *Anders* brief stating that there was no reversible error but noting that there was an error in the judgment regarding the victim's age at the time of the offense. *Id.*, ___ S.W.3d at ___, 2014 WL 895196, at *1-2. Under those circumstances, we modified the judgment and affirmed the judgment as modified. *Id.*, ___ S.W.3d at ___, 2014 WL 895196, at *3. In a concurring opinion joined by Justice Davis, Chief Justice Gray noted that counsel's *Anders* brief was actually a brief on the merits because it had pointed out and briefed an error in the judgment. *Id.*, ___ S.W.3d at ___, 2014 WL 895196, at *5; *see also Hines v. State,* No. 10-13-00286-CR, 2014 WL 2466562, at *2 (Tex. App.—Waco May 29, 2014, no pet. h.) (mem. op., not designated for publication) (adopting Chief Justice Gray's position).

This case is like *Ferguson*: Despite finding no reversible error, counsel has identified an error in the judgment.[1] We will therefore treat the brief in that appeal as a brief on the merits and address the error.[2] *See Hines,* 2014 WL 2466562, at *2.

---

[1] We have conducted an independent review of the records, and we agree that no reversible error exists in this appeal.

[2] Accordingly, counsel's motion to withdraw in No. 10-13-00305-CR is dismissed as moot.

It is mandatory that in a case such as this, a defendant's sentence must be pronounced orally in his presence.  TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).  The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement.  TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2013); *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135.  When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.  *Taylor*, 131 S.W.3d at 500; *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Accordingly, we modify the judgment to reflect punishment by confinement in the McLennan County Jail for a term of 365 days.  We affirm the judgment as modified.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Justice Scoggins concurs without opinion)
Affirmed (No. 10-13-00304-CR)
Affirmed as modified (No. 10-13-00305-CR)
Opinion delivered and filed June 19, 2014
Do not publish
[CR25]